UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

BRANDEN KING, )
)
Petitioner, )
vs. ) Case No. 2:13-cv-0434-JMS-DKL
)
JOHN F. CARAWAY, )
)
Respondent. )

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

Branden King is confined at the Federal Correctional Complex in Terre Haute, Indiana. He brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

King was convicted by a jury in the Central District of Illinois of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). His conviction and sentence were affirmed on appeal by the Seventh Circuit Court of Appeals. *United States v. King,* 643 F.3d 1003 (7th Cir. 2011). King filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the trial court on October 1, 2012. That motion was denied in *King v. U.S.,* 2013 WL 3305527 (C.D.Ill. July 01, 2013). The claim here pertains to King's sentence as an armed career criminal and is a renewal of the claim presented and rejected in his motion for relief pursuant to 28 U.S.C. § 2255.

A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Nevertheless, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court

conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–65 (7th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

The savings clause of § 2255(e) does not give King a second bite at the post-conviction relief apple. No argument he presents dictates otherwise. He mentions *Descamps v. United States*, 133 S. Ct. 2276 (2013), but this does not benefit him. "To date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014), and the rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009).

King's petition for writ of habeas corpus is denied.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: September 12, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Branden King, 14945-026, Terre Haute – USP, Inmate Mail/Parcels, P.O. Box 33,
    Terre Haute, IN 47808
Electronically registered counsel